# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Manuel Rivera, | No. CV-24-01560-PHX-JJT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation (Doc. 18, "R&R") of United States Magistrate Judge James F. Metcalf in this matter. The R&R concludes the Court should dismiss Counts 3 and 4 of Plaintiff's First Amended Complaint (Doc. 15, "FAC") for failure to state a claim; retain Count 2 as pleaded against Defendant NaphCare under an Eighth Amendment deliberate indifference theory; and retain Count 1 but only as to certain defendants and for certain types of relief as set forth below. In the R&R, Judge Metcalf warned the parties that they had fourteen days from the date of its service to file any specific written objections to it with the Court. Judge Metcalf further warned that "failure to timely file objections [to the R&R] will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007)." (R&R at 12.) It has now been over three months since entry of the R&R and

1  Plaintiff has filed no objections thereto. The Court is thus empowered to accept the
2  recommendations without further review. It nonetheless elects to conduct a review of the
3  recommendations on their merits; upon doing so, the Court concludes that adoption of
4  Judge Metcalf's recommendations, as well as his reasoning as set forth in the concise but
5  thorough R&R, is justified.

6        Judge Metcalf correctly concluded that Plaintiff has failed in the FAC to adequately
7  allege the required knowledge of a substantial risk of serious harm or that he suffered injury
8  from any ADA non-compliant conditions with the showers, both of which showings are
9  necessary to maintain a deliberate indifference claim in Count 1. Therefore, the deliberate
10 indifference claim under either the Eighth Amendment must be dismissed. Plaintiff has
11 stated an ADA claim against Defendant Thornell in his official capacity, both for injunctive
12 and monetary relief, but as Judge Metcalf noted, Title II does not permit a state official to
13 be sued for money damages in his or her individual capacity, so that aspect of Plaintiff's
14 claim in Count 1 will be dismissed as to all ADCCR employee defendants including
15 Defendant Thornell. Moreover, his claim for injunctive relief as to the ADCRR Defendants
16 beyond Defendant Thornell is moot in light of the fact that the injunctive relief claim
17 against Defendant Thornell, should it succeed, will provide him the same relief as it would
18 have as against all ADCRR Defendants. Defendants will answer only to the remaining
19 aspects of Count 1 as set forth above.

20       The Court agrees Plaintiff has adequately stated a deliberate indifference claim as
21 against Defendant NaphCare in Count 2 of the FAC and will require an answer.

22       Judge Metcalf also correctly assessed that Plaintiff's claim in Count 3 as against
23 Defendant Minino is insufficient to show deliberate indifference, as are his allegations of
24 threat to safety against Defendant Garcia and the unknown transport worker in Count 4.
25 The Court thus will dismiss those two counts and require the remaining defendants to
26 answer the FAC or otherwise respond as to Counts 1 and 2.

27       **IT IS THEREFORE ORDERED** adopting in whole the R&R (Doc. 18) submitted
28 by Judge Metcalf and dismissing Counts 3 and 4 of the FAC.

**IT IS FURTHER ORDERED** dismissing aspects of Count 1 of the FAC as set forth above; what remains of Count 1 of the FAC is Plaintiff's ADA claim for injunctive relief as against Defendant Thornell only, and his ADA claim for monetary damages as against Defendants Thornell, Pomerantz, O'Brien, Bartram, Bowers, Brown and Knabel. All other aspects of Count 1 of the FAC are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim as against Defendant NaphCare in Count 2 of the FAC survives screening. Defendants must answer Counts 1 and 2 of the FAC as delimited above.

Dated this 16th day of April, 2025.

Honorable John J. Tuchi
United States District Judge